UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PEYTON BOAZ,

    Plaintiff,                                             Case No.: 21-11386

v.

STEVEN A. BUFORD; TYLER G. BOAZ,           Wayne County Circuit Court
as Independent Administrator of the               Case No.: 21-005170-NO
Estate of Gregory D. Boaz, deceased;
the ESTATE OF GREGORY D. BOAZ,
MIDWEST AIR TRAFFIC CONTROL
SERVICES, INC., VITATOE AVIATION LLC,
and AIRCRAFT INSPECTION & REPAIR LLC,

    Defendants.
_____

**AMENDED NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)(1) BY DEFENDANT STEVEN A. BUFORD
AND
MIDWEST AIR TRAFFIC CONTROL SERVICE, INC. JOINING IN DEFENDANT STEVEN A. BUFORD'S AMENDED NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1442 and 1446, Defendant STEVEN A. BUFORD ("Buford") hereby amends his notice of removal of this civil action from the Circuit Court of the County of Wayne, Michigan, where it was previously pending as Case No. 21-005170-NO, to the United States District Court for the Eastern District of Michigan. Buford is joined in the instant Amended

{9659329:2 }                                    1

Notice of Removal by Defendant MIDWEST AIR TRAFFIC CONTROL SERVICE, INC. ("MATC").[1]

## INTRODUCTION

Buford removed Plaintiff's original complaint in the underlying action to this Court on June 11, 2021. (ECF No. 1). That same day, unbeknownst to Buford, Plaintiff electronically filed a First Amended Complaint ("FAC") in the Circuit Court of the County of Wayne, Michigan. At the time of this writing, the FAC is not yet reflected on the Circuit Court's docket. Thus, it remains unclear whether the Circuit Court has accepted the FAC; and, if so, whether it did so before or after Buford filed his notice of removal. The instant Amended Notice of Removal is filed out of an abundance of caution to provide a clear record and avoid any technical violations of the local and Federal Rules of Civil Procedure.

Because MATC (Buford's employer) was added as a Defendant to the FAC, and because MATC's interests are aligned with Buford's, MATC hereby joins Buford in filing the instant Amended Notice of Removal. In short, Buford and MATC are both entitled to removal for the same reasons. The original complaint alleged that Buford proximately caused Plaintiff's injuries when he negligently performed air traffic control services. The FAC contains the same general allegations

---

[1] Plaintiff has improperly identified MATC as Midwest Air Traffic Control *Services*, Inc.

and claims "Buford and/or MATC" proximately caused Plaintiff's injuries. This Court has jurisdiction over the action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Buford and MATC have been sued for actions taken under the color of federal office. Specifically, Buford and MATC at all times relevant acted under the detailed regulation, monitoring, and supervision of the Federal Aviation Administration ("FAA"), as required by MATC's contract with the FAA. Buford and MATC can thus assert colorable federal defenses of government contractor immunity and federal preemption. Buford and MATC are therefore entitled to removal under the federal officer statute and this Court possesses subject matter jurisdiction over Plaintiff's claims.

## BACKGROUND

On April 23, 2021, an action was commenced in the Circuit Court for the County of Wayne, Michigan, entitled *Peyton Boaz v. Steven A. Buford, Tyler G. Boaz, as Independent Administrator of the Estate of Gregory D. Boaz, Deceased, and Estate of Gregory D. Boaz*, as Case No. 21-005170-NO. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

On information and belief, on June 11, 2021, Plaintiff filed the FAC in the Circuit Court for the County of Wayne, Michigan. The FAC added three new Defendants: MATC, Vitatoe Aviation, LLC, and Aircraft Inspection & Repair, LLC.

A copy of the FAC is attached hereto as **Exhibit 2**. As explained above, the pleading attached as Exhibit 2 lacks a file stamp.

In the FAC, Plaintiff alleges that he was injured while travelling in an aircraft that crashed during an attempt to land at the Coleman A. Young Municipal Airport ("DET"). Plaintiff generally alleges that the aircraft experienced a landing gear problem and then ran out of fuel and crashed in a vacant residential lot near DET, causing Plaintiff's alleged damages. (Exhibit 2, ¶¶ 30, 50, 61, 85). Plaintiff specifically alleges that: (1) Buford was employed by MATC; (2) Buford was providing air traffic control services during the crash sequence; and (3) Buford was at all times relevant acting within the course and scope of his employment with MATC. (*Id.*, ¶¶ 18-19, 22).

Plaintiff avers that the FAA "has delineated the duties and responsibilities for air traffic control personnel, such as Buford and others employed by companies such as Midwest ATC, in FAA Order 7110.655X, which was in effect and applicable at the time of the subject crash." (*Id.*, ¶ 15). Plaintiff further claims Buford violated FAA Order 7110.655X when he failed to obtain the aircraft's remaining fuel load and failed to call for the dispatch of emergency personnel. (*Id.*, ¶¶ 31, 39). Thus, Plaintiff claims that **"Buford and/or Midwest ATC"** proximately caused his injuries by failing to follow the emergency assistance procedures in FAA Order 7110.65X and for other related failures. (Emphasis added) (*Id.*, ¶ 85).

The Declaration of DeAnna Dresel, MATC's Executive Vice President, is attached hereto as **Exhibit 3**. Dresel's Declaration references an attached contract entered by MATC and the FAA (with appropriate redactions). **See Contract at Exhibit 3A**. Dresel attests that Buford was employed by MATC at the time of the crash described in the Complaint, and that Buford's duties as an air traffic controller at DET were governed by MATC's contract with the FAA.

## GROUNDS FOR REMOVAL

### I. Standard for Removal.

This Court has subject matter jurisdiction under 28 U.S.C. § 1442(a)(1), which applies when a state-court action is directed against the United States "or any agency thereof or any officer (or any person acting under that officer) of the United State or of any agency thereof, sued in an official or individual capacity for or relating to any act under color of such office . . ."

The federal officer removal statute authorizes removal by private persons if they were authorized to act for federal officers or agents in executing their duties under federal law. *Watson v. Philips Morris Cos.*, 551 U.S. 142, 151 (2007). When a private party is not a federal officer, the private party must satisfy a three-pronged test to be entitled to removal under 28 U.S.C. § 1442(a)(1). *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010). First, the removing party must establish that they are a person within the meaning of the statute who "acted under" a federal

officer. Second, the removing party must demonstrate that it performed the actions for which it is being sued under color of federal office. Third, the removing party must show that it can raise a colorable federal defense. *Id.*

A defendant seeking removal from a state court to a federal court must file a notice of removal in the federal forum containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Consequently, courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading. *Dart Cherokee*, 574 U.S. at 87.

## II. Buford and MATC are "Persons" who "Acted Under" a Federal Office.

Regarding the first prong of the test for federal officer removal, Buford and MATC are undoubtedly "persons" under the plain language of 28 U.S.C. § 1442(a)(1). See *Bennett*, 607 F.3d at 1085 (holding that the statute applies to natural persons and corporations alike). The next inquiry is whether Buford and MATC were "acting under" a federal officer at the time of their alleged negligence. The Supreme Court holds that the phrase "acting under" refers to "an effort to assist, or help *carry out*, the duties or tasks of the federal superior." *Watson*, 551 U.S. at 152 (emphasis in original). A relationship involving this type of effort typically involves "subjection, guidance, or control." *Id.* at 151 (quoting 18 Oxford English

Dictionary). Accordingly, government contractors fall within the terms of the federal officer removal statute when the relationship between the contractor and federal government is "an unusually close one involving ***detailed regulation, monitoring, or supervision***." *Id.* at 153 (emphasis added).

In *Bennett*, the defendant was contracted by the FAA to perform mold abatement at Detroit Metropolitan Wayne County Airport. The plaintiffs were employees of the FAA who allegedly suffered health issues caused by the defendant's negligence in performing mold abatement services under the contract. In holding that the defendant's removal was proper, the Court of Appeals for the Sixth Circuit ruled that the "acting under" requirement was satisfied, because the defendant's FAA contracts included "precise specifications" and federal officers had "closely monitored" the defendant's work. *Bennett*, 607 F.3d at 1087. This qualified as an unusually close relationship involving detailed regulation, monitoring, and supervision. *Id.* at 1088.

At the very least, Buford's and MATC's conduct as *air traffic controllers* was subject to the same degree of regulation, monitoring, and supervision that the FAA exerted over the *mold abatement* services at issue in *Bennett*. Consistent with this intuitive conclusion, another U.S. District Court recently held as much.

In *Farelas v. Hijazi*, No. 5:19-cv-00176-RGK-SHK, 2019 U.S. Dist. LEXIS 62016 (C.D. Cal. Apr. 9, 2019), the plaintiffs sued a private ATC operator-employer

(like MATC) for wrongful death arising from a fatal airplane crash. The plaintiffs alleged that the ATC operator's employee ("Bloomer") was negligent in that he cleared the pilot for takeoff when the pilot seemed confused and disoriented. *Id*. at *3. The district court held that "Bloomer was acting under the direction of the FAA" based on the detailed specifications contained in the FAA's ATC manual. *Id*. at *3.

Here, like the ATC operator's employee in *Farelas*, Buford and MATC acted under the direction of the FAA to the point of subjection, guidance, or control. The FAA-MATC contract sets forth comprehensive protocols and specific instructions that Buford was required to follow. Specifically, the contract provides that MATC (and its employees) "must comply with all procedures outlined in the documents, directives listed in Section J, Attachment J-1, to ensure the safe, orderly, and expeditious movement of air traffic." Ex. 3A, pg. C-1. In turn, Attachment J-1 lists 32 FAA operational documents, regulations, directives, manuals, and orders that Buford was required to follow in exercising his duties as an air traffic controller for MATC. Ex. 3A, Attachment J-1. Additionally, the contract shows that the FAA conducted evaluations and safety audits for the ATC services at DET pursuant to the FAA's own Air Traffic Organization Audits and Assessments Program. Ex. 3A, pg. C-11.

The contractual provisions discussed above provide just a sample of those establishing the FAA's extensive control over Buford's and MATC's air traffic

control responsibilities. The FAA regulated, supervised, and monitored every aspect of Buford's and MATC's conduct. Hence, the relationship between the FAA and Buford/MATC was "an unusually close one involving detailed regulation, monitoring, or supervision." such that it satisfies the first prong of the removal test under § 1442(a)(1). See *Watson*, 551 U.S. at 153.

### III.  Buford and MATC Performed Under Color of Federal Office.

The second prong of the removal test under § 1442(a)(1) requires the removing party to show a nexus, or "causal connection," between the charged conduct and the asserted official authority. *Bennett*, 607 F.3d at 1089. The standard for this showing is low, and allegations of a federal officer's mere presence at the place of performance will suffice. *Id*.

In *Bennett*, the Sixth Circuit held that the nexus required under § 1442(a)(1) was satisfied, because the charged conduct (negligent mold abatement) was "performed at the direction of FAA officers under contract," and was also the alleged cause of the plaintiffs' personal injuries. *Id*. In *Farelas*, the California Central District Court held that "[b]ecause the acts at issue occurred while the [ATC operator] was performing its official duties, the causal connection is satisfied." *Farelas*, 2019 U.S. Dist. LEXIS 62016, at *5.

Here, Buford's and MATC's actions as air traffic controllers were performed at the direction of the FAA under a contract. Those actions are also the alleged cause

of Plaintiff's personal injuries. Whether Buford and/or MATC's allegedly negligent actions strayed outside the scope of their official duties is a question for the federal courts to answer. *Bennett*, 607 F.3d at 1088. For these reasons, Buford and MATC satisfy the second prong of the federal officer removal test under § 1442(a)(1).

### IV. Buford and MATC have Colorable Federal Defenses.

Under § 1442(a)(1), the removing party is not required to prove the success of a federal defense. *Mesa v. California*, 489 U.S. 121, 133 (1989). Rather, a *colorable* federal defense must only be plausible, and its "ultimate validity" is not to be determined at the time of removal. *Bennett*, 607 F.3d at 1089. The reason for this low threshold is simple:

> [T]he Supreme Court has noted that one of the most important functions of this right of removal is to allow a federal court to determine the validity of an asserted official immunity defense. Removal pursuant to § 1442(a)(1) is thus meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties. Furthermore, this right is not to be frustrated by a grudgingly narrow interpretation of the removal statute.

*Id*. at 1091. (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397-98 (5th Cir. 1998)).

Here, Buford and MATC have colorable government contractor defenses. Although the contract in *Bennett* was for mold abatement—rather than military procurement—the Court of Appeals for the Sixth Circuit observed that the plausibility of a government contractor defense involving non-military performance

contracts has been accepted in many federal courts. *Bennett*, 607 F.3d at 1089. These courts have recognized that the reasons for allowing government contractor defenses arising from procurement contracts apply equally in the context of service contracts. *Id*. at 1090. Thus, *Bennett* establishes that Buford and MATC have colorable government contractor defenses in this case.

Buford and MATC also have colorable federal preemption defenses. In *Farelas*, the California Central District Court agreed with the air traffic control operator that there was both conflict and field preemption based on federal standards concerning aviation safety. Accord *Greene v. B.F. Goodrich Avionics Systems*, 409 F.3d 784, 795 (6th Cir. 2005) ("federal law establishes the standards of care in the field of aviation safety and thus preempts the field from state regulation"). Because federal law occupies the field of aviation safety, the *Farelas* court found the existence of a colorable preemption defense and did not even reach the merits of the air traffic control operator's asserted government contractor defense. *Farelas*, 2019 U.S. Dist. LEXIS 62016, at *6.

Here, Plaintiff purports to base his claims on Michigan common law, even though he alleges that Buford and/or MATC were negligent in failing to comply with FAA regulations. Exhibit 2, ¶ 85. As was the case in *Farelas*, because federal law establishes the standard of care for Plaintiff's claims, Buford and MATC have colorable federal defenses of federal preemption.

In sum, because Buford and MATC can raise colorable federal defenses under both government contractor immunity and federal preemption, the third prong of the removal test under § 1442(a)(1) is satisfied, and removal to this Court is proper.

## CONCLUSION

Buford and MATC have established that removal is proper under the federal officer removal statute (28 U.S.C. § 1442(a)(1)). Buford and MATC have also complied with the procedural requirements for removal in that his original notice of removal was filed within 30 days after Plaintiff's original complaint was served on Buford, and within 30 days after MATC had actual notice of the FAC. See Exhibits 1 and 2; 28 U.S.C. § 1446(b)(1). In filing the instant Amended Notice of Removal, Buford and MATC have alleviated any concerns as to whether Buford's original notice of removal preceded the filing of Plaintiff's FAC in the Circuit Court of the County of Wayne, Michigan.

If any question arises as to the propriety of the removal of this action, Buford and MATC respectfully request the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Respectfully submitted,

**Dated:** June 17, 2021            By:   /s/Alexander A. Ayar
    ALEXANDER AYAR (P69623)
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue, Suite 318

        Bloomfield Hills, Michigan 48304
        Phone: (248) 220-1353
        Email: AAyar@McDonaldHopkins.com

        And

        Eric A. Cunningham III
        **ADLER MURPHY & McQUILLEN, LLP**
        20 S. Clark St., Suite 2500
        Chicago, Illinois 60603
        Phone: (312) 422-5717
        Email: ecunningham@AMM-LAW.com
        *Attorneys for Defendant Steven A. Buford*

## **CERTIFICATE OF SERVICE**

I certify that on June 11, 2021, I electronically filed the foregoing Amended Notice of Removal with the Clerk of the Court using the E-Filing System which will send notification of such filing to all counsel of record.

By: /s/ Alexander A. Ayar
ALEXANDER AYAR (P69623)