UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEYTON BOAZ,

    Plaintiff,

v.

STEVEN A. BUFORD, TYLER G. BOAZ,
as Independent Administrator of the Estate
of GREGORY D. BOAZ, Deceased,
MIDWEST AIR TRAFFIC CONTROL
SERVICES, INC., VITATOE AVIATION, LLC,
and AIRCRAFT INSPECTION & REPAIR, LLC,

    Defendants,
_____/

Case No. 2:21-cv-11386
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

and

RACHEL TREVINO MCCAMY,
as Independent Administrator of the Estate
of JULIE MARIE CASTANO BOAZ,
Deceased,

    Plaintiff,

v.

STEVEN A. BUFORD, TYLER G. BOAZ,
as Independent Administrator of the Estate
of GREGORY D. BOAZ, Deceased,
MIDWEST AIR TRAFFIC CONTROL
SERVICES, INC., VITATOE AVIATION, LLC,
and AIRCRAFT INSPECTION & REPAIR, LLC

    Defendants,
_____/

Case No. 2:21-cv-11602
District Judge David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

1

and

TYLER G. BOAZ, as Independent
Administrator of the Estate of GREGORY
D. BOAZ, Deceased,

      Plaintiff,

v.

STEVEN A. BUFORD, MIDWEST AIR
TRAFFIC CONTROL SERVICES, INC.,
VITATOE AVIATION, LLC, and
AIRCRAFT INSPECTION & REPAIR, LLC

      Defendants,
_____/

Case No. 2:21-cv-11602
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER ON PEYTON BOAZ'S MOTION TO COMPEL
### (ECF No. 56)

### I. Introduction

Before the Court are three consolidated actions against shared defendants alleging negligence that caused an airplane crash, causing the death of the pilot, Gregory Boaz, and his wife, Julie Boaz, and grievous injury to his son, Peyton Boaz (Plaintiff). *See* ECF No. 2-3.

Before the Court is Plaintiff's motion to compel and for sanctions directed at Midwest Air Traffic Control Service, Inc., (MATC) and Steven Buford (Buford)

(ECF No. 56) [1] which has been referred to the undersigned. (ECF No. 57). As will be explained, only Plaintiff's request for sanctions remains as the parties have resolved the substance of the dispute. For the reasons that follow, Plaintiff's request for sanctions is DENIED.

## II. Background

Plaintiff alleges that MATC and Buford were negligent by failing to contact emergency personnel in a timely manner, causing Plaintiff to be "stuck in the plane for several minutes as it caught fire, causing catastrophic burns over much of his body." (ECF No. 56, PageID.1040). Plaintiff also says Vitatoe Aviation, LLC, and Aircraft Inspection & Repair, LLC, were negligent failing to properly adjust and rig the landing gear in their inspections and maintenance of the airplane, which contributed to the crash when Gregory Boaz was caused to circle the runway while attempting to lower the landing gear. (ECF No. 2-3).

In the motion to compel, Plaintiff seeks discovery responses and for sanctions against MATC, contending that MATC dragged its heels in responding to discovery, responded inadequately and with improper objections, and has refused to amend its responses, remove its objections, or affirm that all responsive

---

[1] In addition to the motion to compel, the following motions are pending: Aircraft Inspection and Repair's motion for summary judgment (ECF No. 65) and motions to exclude experts (ECF Nos. 66, 67); Vitatoe Aviation's motion for summary judgment (ECF No. 70), and MATC and Buford's motion for summary judgment (ECF No. 71) and motions to exclude experts (ECF Nos. 72, 73, 74).

documents have been produced in accordance with the Federal Rules of Civil Procedure. Plaintiff asks the Court to "1) find that MATC's objections have been waived and/or overruled as to several discovery requests, 2) order MATC to amend its responses to fully answer without objection and set a date by which MATC must complete its document search and produce all responsive documents to Plaintiff, 3) find that MATC has failed to comply with its discovery obligations in this case, and 4) sanction MATC for its repeated failure to comply with its discovery obligations." (ECF No. 56, PageID.1035).

A hearing was held on October 25, 2022. Prior to the hearing, the parties filed statements of resolved and unresolved issues, reflecting that most of Plaintiff's requested relief has been agreed to. (ECF Nos. 63, 64). MATC has removed its continued objections that were the subject of much dispute, and affirmatively stated that Plaintiff has received all responsive documents, including emails. (*Id.*).

### III. Legal Standard

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Fed. R. Civ. P. 37(a)(3)(B), which states, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### IV. Discussion

A.  Resolved Issues

At the hearing, counsel for Plaintiff reiterated that he is not satisfied that all responsive production has been made by MATC. He argued that it was not realistic for the electronic search conducted by MATC to have revealed thousands of documents, but for there to be only a "handful" of responsive documents among them. He further argued that two MATC employees, Gregory Williams (Williams) and William "Scoot" Kelley (Kelley), referenced emails in their depositions that Plaintiff had not received through discovery.

Counsel for MATC responded that MATC hired an Information Technology Vendor to conduct the keyword search of MATC's documents, and that including the keyword 'Buford' among the other words requested by Plaintiff caused the search to return over 24 gigabytes of data. This resulted in the need to use less search terms, and the parties agreed to remove 'Buford' from the search, which made the results more manageable. MATC confirmed that employee emails were included in this search, including those of Williams and Kelley, and that Plaintiff had received everything in MATC's possession. With these assertions, Plaintiff's counsel agreed that the motion to compel was satisfied, with the exception of the request for sanctions.

B.  Sanctions

1.  Legal Standard

5

Rule 37 allows sanctions against a party or attorney who fails to answer interrogatories or requests for production of documents. Rule 37(a)(3)-(5); Rule 37(d). The permitted sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; and
>
> (vi) rendering a default judgment against the disobedient party.

Rule 37(b)(2); Rule 37(d)(3). Monetary sanctions are also required in most cases. "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3).

Courts "must consider four factors before awarding Rule 37 sanctions: (1) 'whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault,' (2) 'whether the adversary was prejudiced by the party's failure to cooperate in discovery,' (3) 'whether the party was warned that failure to cooperate could lead to the sanction,' and (4) 'in regard to a dismissal [ ] whether less

sanctions were first imposed.' " *Stewart v. Marathon Petroleum Co., LP*, No. 2:18-CV-12510, 2020 WL 12763077, at *1 (E.D. Mich. Dec. 7, 2020) (quoting *Doe v. Lexington-Fayette Urban Co. Gov.*, 407 F.3d 755, 766 (6th Cir. 2005).

2. Parties' Arguments

In support of the request for sanctions, Plaintiff points to his detailed accounting of the discovery timeline between himself and MATC as presented in his brief and supported by exhibits. (ECF No. 56, PageID.1040-1052). Without rehashing the entire account, the Court notes that Plaintiff's first set of discovery was issued on September 30, 2021, and that while MATC responded to it on November 17, 2021, a comprehensive search of its ESI was not undertaken until June of 2022, with the final results of that search provided to Plaintiff in August of 2022. (*Id.*; ECF Nos. 56-2; 56-3, PageID.1079-1080; ECF No. 56-12, PageID.1115-1116, 1127-1128; ECF No. 56-15, ECF No. 56-20). Plaintiff also took issue with MATC's continual refusal to remove its objections (despite providing responses to its requests "subject to and without waiver of" said objections), while MATC contended that this was proper. (*Id.*). Furthermore, Plaintiff outlined his struggles to schedule depositions with MATC witnesses, though all witnesses sought were eventually deposed with the exception of one former MATC employee, Michael Bulmann, who was retired and living "off the grid." (ECF No. 56-6). Plaintiff notes that MATC failed to identify Bulmann in

7

its initial responses to Plaintiff's discovery requests, despite him being a responsive answer to interrogatory #6. *See* ECF No. 56-4, PageID.1083-1084; *cf.* ECF No. 56-20, PageID.1154-1155.

MATC responds that while Bulmann's identity was responsive to the interrogatory, it was not relevant to the case, because his absence from the air traffic control tower while on break during the events described in the complaint was legal and permissible under Federal Aviation Administration (FAA) regulations. (ECF No. 59, PageID.1172).

Finally, Plaintiff argues that it is "unclear how the huge volumes of documents MATC said it was reviewing ultimately yielded so few documents, and one would expect a greater volume of email communication among MATC employees following a two-fatality crash." (ECF No. 56, PageID.1055). MATC responds that the Court "cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist or are not in his possession, custody or control." *Cain v. City of Detroit*, No. 20-CV-11099, 2022 WL 3337135, at *3 (E.D. Mich. Apr. 22, 2022) (internal citation and quotation marks omitted).

In sum, Plaintiff argues that sanctions are appropriate because MATC and its counsel have "repeatedly failed to meet their discovery obligations throughout this case." (ECF No. 56, PageID.1057).

3. Discussion

The factors above weigh do not weigh in favor of sanctions. Plaintiff has failed to show willfulness, bad faith, or fault. As MATC notes, it is unclear whether Plaintiff seeks sanctions against MATC, its counsel, or both. Plaintiff has shown that MATC failed to meet some discovery deadlines under Rule 26, but it is unclear whether MATC or its counsel were at fault for doing so. Plaintiff has also not shown prejudice from MATC's actions. The discovery deadline in this matter has only been extended once, at the request of counsel for Vitatoe Aviation, LLC, not due to MATC's lack of expediency. (ECF No. 56, PageID.1044). MATC also stated in writing in July 2022 that it had produced all responsive documents to the requests at issue herein, thereby undercutting the argument for the necessity of this motion. (ECF No. 56, PageID.1050). Finally, MATC has yet to be warned that its actions in this matter could lead to sanctions if continued. Put simply, sanctions are not warranted.

V. Conclusion

For the reasons stated above, Plaintiff's request for sanctions is DENIED.

SO ORDERED.

Dated: October 26, 2022　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2022.

                                                s/Julie Owens
                                                Julie Owens
                                                Case Manager